IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY RAY SCOTT, JR., #96-21100, )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>SHERIFF DAVID BYRNES, )<br>      Defendant. ) | | 3:07-CV-1975-D |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on June 23, 2006, this cause has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is confined at the Kaufman County Jail in Kaufman, Texas. Defendant is the Sheriff of Kaufman County. No process has been issued in this case pending preliminary screening. On December 12, 2007, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers on December 20, 2007.

Statement of the Case: Plaintiff's original complaint, as supplemented by the answers to the questionnaire, seeks monetary and injunctive relief for being confined in administrative segregation and being exposed to harmful conditions of confinement, including allegedly toxic water and contaminated food. Plaintiff also alleges harassment and retaliation.

On January 15, 2008, Plaintiff submitted an amended complaint reiterating the allegations in his original complain in more detail. Since process has not been issued, Plaintiff is entitled to amend his complaint. Rule 15(a), of the Federal Rules of Civil Procedure, provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."

Findings and Conclusions: The Court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff seeks to sue Sheriff Byrnes as the sole defendant in this case. (*See* Original and Amended Complaints at 1). To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). "As a prerequisite [to § 1983 liability], a plaintiff

2

'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (personal involvement is an essential element).

Moreover, supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivations, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985).

The original and amended complaints, as well as the answers to the magistrate judge's questionnaire, fail to state any facts showing that Sheriff Byrnes was "personally involved" in the events at issue in the complaint. Plaintiff concedes that he is suing Defendant Byrnes "because of his status as the Sheriff of Kaufman County." (Answer to Question 5). He alleges no other facts which this Court could liberally construe to allege that the Sheriff was personally involved in any of the claims raised in this case. (*Id.*; and amended complaint generally). Therefore, Plaintiff's complaint lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED with

prejudice as frivolous, *see* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) (i), and 42 U.S.C. § 1997e(c)(1), and that Plaintiff's motion for service (Docket #21) be DENIED.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 31st day of January, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.