IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY RAY SCOTT, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:07-CV-1975-D |
| VS. | § | |
| | § | |
| SHERIFF DAVID BYRNES, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

On January 31, 2008 the United States Magistrate Judge filed his findings, conclusions, and recommendation in this case. On February 5, 2008 plaintiff Billy Ray Scott, Jr. ("Scott") filed objections. He also filed a second amended complaint that names Lt. David Warnock ("Lt. Warnock") as the sole defendant. Scott also filed two letters seeking assistance with his present conditions of confinement, which allegedly aggravate his preexisting medical conditions, and which replicate for all purposes the conditions in 2006 and 2007 alleged in the complaint. On February 7, 2008 Scott submitted two letters seeking to amend the complaint to add 62 and 67 defendants, respectively.

Scott does not object to the findings and conclusions to the extent they recommend dismissal of defendant Sheriff Byrnes, because he was not involved in the events at issue in this case. Scott requests, however, that he be granted leave to amend to name Lt. Warnock as a defendant. He also requests assistance with his current conditions of confinement. Construed as a motion to amend the complaint to name Lt. Warnock, the court grants the motion for the reasons explained.

It is settled that the question whether to grant leave to amend the pleadings under Rule

15(a)(2)[*] is within the discretion of the court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). "The court should freely give leave when justice so requires." Rule 15(a)(2).

Scott filed this case on November 26, 2007, and he filed his first amended complaint on January 15, 2008, contemporaneously with filing his answers to the magistrate judge's questionnaire. Scott now seeks to name the defendant who was allegedly involved in the events at issue in this case, and to add claims related to his current conditions of confinement. Considering the recent filing of this case, and Scott's *pro se* status, the court grants him one last, fair opportunity to plead his best case. *See, e.g., Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 2004 WL 789870, at *1 (N.D. Tex. Apr.12, 2004) (Fitzwater, J.) ("Although the court granted Merrill Lynch's motion to dismiss, it gave Robinette one more opportunity to plead his best case, because he was proceeding *pro se.*").

As this court wrote in *Barber v. G.H. Rodgers,* No. CA3-84-1750-D, slip op. at 7 (N.D. Tex. Sept. 13, 1988) (Fitzwater, J.), and has cited in subsequent rulings:

> [T]he court must decide whether to dismiss the complaint or permit plaintiff one more opportunity to plead his best case. For two reasons, the court concludes that plaintiff should be permitted one more chance to replead. First, orders that grant motions to dismiss, especially in *pro se* civil rights cases, have a high mortality rate when they reach the circuit court. This court is bound to follow the jurisprudence of the circuit, which evinces a strong tendency to permit *pro se* litigants several attempts to plead a claim upon which relief can be granted. By outlining in this opinion the deficiencies of plaintiff's amended complaint, if plaintiff nevertheless cannot . . . amend to satisfy the heightened pleading requirements, the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due.

---

[*]The restyled Federal Rules of Civil Procedure took effect December 1, 2007. This standard is now found in Rule 15(a)(2).

*Sims v. Tester*, 2001 WL 627600, *2 -*3 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.). If Scott fails to amend, or amends but does not state a claim against Lt. Warnock, this action will be subject to dismissal without further leave to amend.

The court denies Scott's request to amend the complaint to name 62 or 67 defendants. This request is conclusory. Scott's letters, filed February 7, 2008, provide no detail as to the involvement, if any, of the numerous individuals whom he wishes to name as additional defendants.

Accordingly, Scott's request for leave to amend is granted to the extent that he may file a motion to amend along with a proposed amended complaint *against Lt. Warnock* within 30 days of the date this order is filed. This is Scott's last opportunity to state a claim on which relief can be granted. The amended complaint will replace and supersede the original and first amended complaints filed in this case. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

The court adopts the findings, conclusions, and recommendation of the magistrate judge to the extent of dismissing Sheriff Byrnes as a defendant. The clerk is directed to add Lt. David Warnock as a defendant.

**SO ORDERED**.

February 13, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE